IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FELIPE D. HERNANDEZ,**

    **Petitioner,**

    v.                                                    CASE NO. 21-3016-SAC

**DAN SCHNURR,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, challenges the validity of his conviction.

**Background**

Petitioner was convicted in 2003 on charges of rape, domestic battery, aggravated criminal sodomy, criminal threat, and aggravated battery. The Sedgwick County District Court imposed a sentence of 321 months. *State v. Hernandez*, Case No. 02-CR-1421. The Kansas Court of Appeals affirmed Petitioner's convictions, and the Kansas Supreme Court denied review. *State v. Hernandez*, Case No. 03-91,434, 2005 WL 81492 (Kan. App. Jan. 14, 2005), *rev. denied* 279 Kan. 1008 (May 3, 2005).

Petitioner filed a state habeas action under K.S.A. 60-1507 on September 26, 2006. His petition was denied, and he appealed. The Kansas Court of Appeals affirmed on June 26, 2009. *Hernandez v. State*, Case No. 99,921, 209 P.3d 763 (Table), 2009 WL 1858244 (Kan. App. June 26, 2009), *rev. denied* 290 Kan. 1093 (2010).

Petitioner then filed a 28 U.S.C. § 2254 petition in this Court on December 8, 2010. On July 29, 2011, the Court dismissed the petition as time-barred. *Hernandez v. Cline*, Case No. 10-

1

3251-SAC, 2011 WL 3268113 (D. Kan. July 29, 2011). Petitioner argued his actual innocence, but the Court found he provided no significant new reliable evidence of his innocence.

Next, Petitioner returned to the trial court and filed a petition for post-conviction DNA testing under K.S.A. 21-2512. The court denied his petition, and he appealed. The Court of Appeals affirmed, and Petitioner sought review in the Kansas Supreme Court. On January 15, 2016, the Supreme Court reversed and remanded the case to the trial court. *State v. Hernandez*, 366 P.3d 200, 208 (Kan. 2016). The trial court then granted the petition and ordered that evidence collected in the course of the investigation be tested for DNA. The test results showed no DNA. Petitioner argued the lack of his DNA on the victim's sheets and lack of her DNA on his sheets was relevant and material to his claim that the allegations of sexual abuse were fabricated. The trial court found the test results were not favorable to Petitioner or, at a minimum, were inconclusive, and therefore, under the statute, he was not entitled to relief. Petitioner appealed, and the Court of Appeals found K.S.A. 21-2512 applies only when DNA test results are obtained. In this case, there was no DNA evidence to test, and the statute does not authorize a search for biological material to test. *State v. Hernandez*, 435 P.3d 593 (Table), 2019 WL 985449 (Kan. App. March 1, 2019). The Kansas Supreme Court denied review on December 19, 2019.

Petitioner filed the instant petition under § 2254 on January 11, 2021.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Discussion**

The Court has conducted a preliminary review of the petition and finds that this matter is a second application for habeas corpus. The first application was adjudicated in *Hernandez v. Cline*, Case No. 10-3251-SAC.

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain the prior authorization, a federal court must dismiss the matter or, "if it is in the interest of justice", transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Factors the Court considers in deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

Petitioner bases his Petition on one ground. He argues the DNA test results are new exculpatory evidence and diminish the credibility of the victim's allegations. He further asserts a *Brady* violation and prosecutorial misconduct, arguing the bedding should have been tested prior to trial so he could use the results to counter the accusation.

The Court finds that it is not in the interest of justice to transfer this case to the U.S. Court of Appeals for the Tenth Circuit. First, Petitioner's claim appears to be time-barred. In addition, the claim is unlikely to have merit. The DNA testing results, even if considered newly discovered evidence, do not appear to "establish by clear and convincing evidence that, but for constitutional

error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]." *See* 28 U.S.C. § 2244(b)(2).  Petitioner may seek authorization by applying to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider.

**IT IS SO ORDERED**.

**Dated April 19, 2021, in Topeka, Kansas.**

        s/ Sam A. Crow  
        **Sam A. Crow**  
        **U.S. Senior District Judge**